UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



AJA GONZALEZ,

              Plaintiff,

-v-                                    No. 08 Civ. 9291 (RJS) (JLE)

ALLIED BARTON SECURITY SERVICES, *et al.*,    MEMORANDUM AND ORDER

              Defendants.

RICHARD J. SULLIVAN, District Judge:

    Before the Court is the Report and Recommendation ("Report") of the Honorable Ronald L. Ellis, Magistrate Judge, recommending that the separate motions for summary judgment filed by Defendants AlliedBarton Security Services ("AlliedBarton") and the New York City Department of Transportation ("DOT") pursuant to Federal Rule of Civil Procedure 56 be granted and that the complaint be dismissed. For the following reasons, the Court adopts the Report in its entirety.

I. BACKGROUND

    Plaintiff Aja Gonzalez filed this *pro se* action against AlliedBarton on October 30, 2008, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (2006) ("Title VII"), due to the termination of her employment. Plaintiff amended her complaint on March 19, 2009, adding the New York City Department of Transportation ("DOT") and Local 32 BJ, Service Employees International Union ("Local 32 BJ") as Defendants. The case was referred to Judge Ellis for general pretrial supervision on May 5, 2009, and for resolution of dispositive motions on May 7, 2009.

By order dated February 3, 2010, the Court granted Local 32 BJ's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 54.) The motion for summary judgment filed by AlliedBarton was fully submitted on April 7, 2010, and the motion for summary judgment filed by DOT was fully submitted on April 13, 2010. Judge Ellis issued the instant Report on September 7, 2010, and copies of the Report were mailed to Plaintiff on that date. The Report specifically advised the parties that failure to file objections within the statutory 14-day period would constitute waiver of those objections. *See* 28 U.S.C. § 636(b)(1)(C) (2006); Fed. R. Civ. P. 72(b)(2). Plaintiff's objections were received on or about September 16, 2010. The time to file objections has now expired.

## II. DISCUSSION

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a magistrate's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate's findings, the court must undertake a de novo review of Plaintiff's objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). *Pro se* filings are generally accorded leniency; however, where the objections are "conclusory or general," or where Plaintiff "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie*, No. 96 Civ. 0324 (LTS) (THK), 2002 WL

335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008).

Plaintiff filed a single paragraph of objections to the instant Report in a submission dated September 16, 2010. That paragraph reads as follows: "I, Aja Gonzalez [sic] have evidence of discrimination and deputy director Robert Walker said to me that the late shift is dangerous to women. I also proved that males that were similarly situated was [sic] not disciplined or reprimanded as harshly as myself." Because the Court finds that Plaintiff merely repeated her original arguments rather than making specific objections to the Report, the Court will apply the clear error standard of review. Under that standard, the Court finds that Judge Ellis did not err in rejecting Plaintiff's claim of employment discrimination based on (1) the remark attributed to DOT Director Robert Walker, or (2) the treatment of similarly situated male employees.

Specifically, Judge Ellis found that the remark attributed to Walker did not raise an inference of discrimination because Walker was not a decisionmaker with regard to the adverse employment decision, and because "isolated derogatory remarks" alone do not raise such an inference. (Report 9.) With respect to the allegedly disparate treatment of similarly situated male employees, Judge Ellis noted Plaintiff's admission that male security guards who violated work rules were also "warned and removed," consistent with DOT's request to reassign Plaintiff following her violation. (Report 10-11).

After careful review of the Report issued by Judge Ellis, the Court finds no clear error and adopts the Report in its entirety. For the reasons set forth therein, IT IS HEREBY ORDERED that Defendants' motions for summary judgment are granted and the complaint is

dismissed. The Clerk of the Court is respectfully directed to terminate the motions located at document numbers 61 and 66 and to close this case.

SO ORDERED.

Dated:   September 27, 2010
         New York, New York

                                             RICHARD J. SULLIVAN
                                            UNITED STATES DISTRICT JUDGE